UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO LUA, CDCR #P-48040, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID CLAYTON, Medical Doctor, <br><br> Defendant. | Case No.: 3:19-cv-01169-GPC-LL <br><br> **ORDER:** <br><br> **(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]** <br><br> **AND** <br><br> **(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Hugo Lau, a prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on June 20, 2019. (*See* Compl., ECF No. 1.)

Plaintiff claims Defendant David Clayton, a medical doctor at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, denied him adequate medical care in violation of the Eighth Amendment while he was incarcerated at RJD in August and September 2018. (*Id.* at 2, 3.)

1

Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without

prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When … presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* __ F.3d. __, No. 18-15661, 2019 WL 2910812, at *5, (9th Cir. July 8, 2019) (citing *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

Plaintiff, who suffers from chronic lower back, nerve pain, and bowel and bladder disfunction, claims Dr. Clayton acted with deliberate indifference to his medical needs in August and September 2018, by improperly discontinuing a previously prescribed course of morphine and failing to renew his prescription for gabapentin after a drug screen indicated no presence of morphine in Plaintiff's urine. (*See* Compl., ECF No. 1 at 1, 3, 12-14.) Plaintiff claims Clayton falsely accused him of diverting the medication, and falsified his medical records in order to retaliate against him for filing an administrative grievance and a complaint against him with the California Medical Board. (*Id.* at 4-5, 16-18.)

However, Plaintiff is currently incarcerated at HDSP, no longer a patient of Dr. Clayton's, and does not plausibly suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)); *see also Stewart v. Lystad*, No. 2:16-CV-01439-BHS-JRC, 2016 WL 6816278, at *3 (W.D.

Wash. Oct. 14, 2016) (finding prisoner's claims of "intractable" foot pain, and an alleged inability to "work out, fall asleep, work, stand for long periods or walk long distances" insufficient to satisfy § 1915(g)'s exception based on "imminent danger"), *report and recommendation adopted*, No. C16-1439 BHS, 2016 WL 6805339 (W.D. Wash. Nov. 17, 2016); *Balzarini v. Lewis*, No:13cv820-LJO-BAM(PC), 2015 WL 2345464, at *8 (E.D. Cal. May 14, 2015) (finding plaintiff's disagreement with prison medical personnel about the course or adequacy of treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, Case No. 12cv5563-W(PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding allegations showing prisoner was receiving medical treatment for his chronic pain, but that he disagreed with the type of medication the medical staff was prescribing for him was insufficient to show an imminent danger of serious physical injury); *Stephens v. Castro*, No. 04cv6717 AWISMSP, 2006 WL 1530265, at *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under Section 1915(g)); *Gonzales v. Castro*, No. 1:09-cv-1545-AWI-MJS-PC, 2010 WL 2471030 at *2 (E.D. Cal. June 9, 2010) (finding prisoner's allegations of retaliation insufficient to "constitute a real danger ... or even an ongoing threat" of "serious physical injury" under § 1915(g)).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d

4

3:19-cv-01169-GPC-LL

1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Based on a review of its own dockets and other court proceedings available on PACER, the Court finds that Plaintiff Hugo Lua, identified as CDCR Inmate #P-48040, while incarcerated, has had three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Lua v. Cal. Inst. for Men at Chico,* Civil Case No. 2:00-cv-06616-DOC-CW (C.D. Cal., West. Div., Jan. 7, 2002) (Mem. & Order dismissing complaint sua sponte for failing to state a cognizable § 1983 claim pursuant to 28 U.S.C. §§ 1915(e)(a) & 1915A) (ECF No. 9); (C.D. Cal., West. Div., Jan. 31, 2002) (Report & Recommendation ["R&R"] to dismiss civil action for failure to comply with court order to amend and/or prosecute) (ECF No. 10); (C.D. Cal., West. Div., March 13, 2002) (Order accepting R&R) (ECF No. 12) (strike one);[1]

2) *Lua v. Finander, et al.*, Civil Case No. 2:10-cv-03548-DOC-JCG (C.D. Cal., West. Div., March 23, 2011) (R&R to sua sponte dismiss Second Amended Complaint with prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(a) & 1915A) (ECF No. 17); (C.D. Cal., West. Div., May 6, 2011) (Order adopting R&R) (ECF No. 18) (strike two); and

3) *Lua v. Smith, et al.*, Civil Case No. 1:14-cv-00019-LJO-MJS (E.D. Cal. April 8, 2015) (Findings & Recommendations ["F&Rs"] to Dismiss Action with prejudice for Failure to State a Claim pursuant to 28 U.S.C. §§ 1915(e)(a) & 1915A) (ECF No. 18); (E.D. Cal. Sept. 30, 2015) (Order Adopting F&Rs) (ECF No. 22); (E.D. Cal. April 1, 2016) (Order denying Motion for Reconsideration) (ECF No. 30) (strike three).

---

[1] *See Harris v. Mangum,* 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Order

For the reasons explained, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte and without prejudice based on Plaintiff's failure to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

(4) **DIRECTS** the Clerk of Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: July 29, 2019

Hon. Gonzalo P. Curiel
United States District Judge